**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ADACIA DOUGLAS, aka**<br>**DOUGLAS ADACIA,** | CASE NO. 1:25 CV 1484 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | |
| **MAYOR JUSTIN BIBB, et al.,** | **MEMORANDUM OPINION**<br>**AND ORDER** |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff identifies himself as Douglas Adacia in the case caption but signs his name at the end of the Complaint as Adacia Douglas. (ECF No. 1, PageID #1; 11). He asserts claims for discrimination, harassment, assault, battery, retaliation, denial of freedom of speech and expression, and equal protection. (ECF No. 1, PageID #4). He names as Defendants Mayor Justin M. Bibb, Cleveland Police Chief Dorothy A. Todd, the City of Cleveland, the Cleveland Public Library, Police Officer Stephen Beitel, Unknown Police Officer #2, Library Security Officer Banks, and Library Security Officer Coleman.

This case is the ninth of ten cases Plaintiff has filed with similar allegations against the City of Cleveland, Cuyahoga County, and others. *See Adacia v. Cuyahoga Cnty. Sheriff*, No. 1:25-cv-1312 (N.D. Ohio filed June 24, 2025) (Barker, J.); *Adacia v. Cuyahoga Cnty. Sheriff Dep't*, 1:25-cv-1326 (N.D. Ohio filed June 25, 2025) (Gaughan, J.); *Adacia v. Bishop William A. Cosgrove Ctr.*, No. 1:25-cv-1336 (N.D. Ohio filed June 26, 2025) (Barker, J.); *Adacia v. City of Cleveland*, No. 1:25-cv-1388 (N.D. Ohio filed Jul. 1, 2025) (Fleming, J.); *Adacia v. City of Cleveland*, No. 1:25-cv-1393 (N.D. Ohio filed July 2, 2025) (Brennen, J.);

1

*Adacia v. Bibb*, No. 1:25-cv-1405 (N.D. Ohio filed July 3, 2025) (Gaughan, J.); *Adacia v. City of Cleveland*, No. 1:25-cv-1442 (N.D. Ohio filed July 9, 2025) (Brennen, J.); *Adacia v. City of Cleveland*, No. 1:25-cv-1469 (N.D. Ohio filed July 14, 2025) (Polster, J.); *Adacia v. Bibb*, No. 1:25-cv-1484 (N.D. Ohio filed July 15, 2025) (Fleming, J.); *Adacia v. Focus Cleveland*, No. 1:25-cv-1516 (N.D. Ohio filed July 21, 2025).

Plaintiff allegedly frequently visits City of Cleveland and Cuyahoga County offices and requests the production of public records.  It is not clear what type of records he is seeking or the manner in which he issues his requests; however, both the City of Cleveland and Cuyahoga County have deemed his behavior disruptive enough to issue no trespass orders barring him from City and County public buildings.  (ECF No. 1, PageID #8; 9).  This Complaint concerns violation of the trespass order by entering the Cleveland Public Library. (*Id.*).  All of the Complaints contain some allegations that the Mayor of Cleveland, the Cleveland Chief of Police, and the Cuyahoga County Sheriff's Department formed a street gang and recruited law enforcement officers and civilians to target him for violence.  (*Id.* at PageID #9).

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2).  That Application is **GRANTED**.

## BACKGROUND

Plaintiff claims that Mayor Justin Bibb, Police Chief Dorothy Todd, and Chief Constable Mark Webster encouraged, financed, and organized a gang to assault him.  (*Id.* at PageID #7). This activity allegedly took place at the Sterling Branch of the Cleveland Public Library.  (*Id.*). He claims the gang placed a bounty on his head offering a reward to anyone who will kill him. (*Id.*).  He states that "on one date" two security officers approached him while he was at the table in the library, pulled out their tazers and threatened to kill him, and ordered him to give up his cell

2

phone.  (*Id.*).  He indicates that they started telling patrons and neighborhood residents that he was a rapist and that he sexually assaulted children at the library.  (*Id.*).  He contends security guards would routinely require him to leave the library for recording on his cell phone.  (*Id.* at PageID #8).  He contends the security officers caused the water in the sink in the library bathroom to be scalding hot, and banged on the door for him to come out of the bathroom so that they could assault him.  (*Id.*).  He contends the security officers devised a scheme and ordered him to leave the library telling him they were giving him a no trespass order.  (*Id.*).  He alleges Mayor Bibb held a meeting with the Cleveland Police and the judges and they all agreed to break rules and harass him.  (*Id.*).

Plaintiff then alleges that the Defendants "swore an oath to assist every DEI woke rogue agent . . . to use power in office to coerce intimidate and victimize [him]."  (*Id.* at PageID #9).  He claims he is known as the King in religious circles, including all A-list Hollywood celebrities.  (*Id.*).  He claims to be a personal advisor to President Donald Trump, Elon Musk, Robert Sylvester Kelly, and music artists Larry Hoover, Torey Lanez and Sean "Puffy" Combs.  (*Id.*).  He contends he is the center of his own religion that is counter to the Orthodox church, and which runs and owns law enforcement in Cleveland and most donations businesses.  (*Id.*).  He claims his presence is a threat to dominance in the market and therefore the Defendants continue to harass him.  (*Id.*).  He claims he was shot and stabbed, and that Defendants recruit people to feed him food that is contaminated with human waste.  (*Id.*).  He claims he is being targeted for trespass so that the Defendants can receive a gang reward from the City of Cleveland leaders.  (*Id.*).

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to make any claim with a rational or arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 323 (1989); *Lawler v.*

*Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). This occurs when the complaint is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

### DISCUSSION

In reviewing a Complaint, the Court generally must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998). The Court, however, is given discretion to refuse to accept the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). The case at bar presents just such a complaint. It does not contain a coherent, rational statement of fact or a plausible legal claim.

Up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings; however, there comes a point when we can no longer allow Plaintiff to misuse the judicial system at tax-payer expense. This is the ninth lawsuit that he has filed within the last 22 days. All of the lawsuits contain the same basic allegations and are based on delusional ideation. It is apparent that Plaintiff will continue with these filings unless the Court takes steps to curtail his litigious activities. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. As the Supreme Court recognized: "Every paper filed with the Clerk of Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Our ability to perform our duties is compromised when we are forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179–80 (1991).

Therefore, Plaintiff Douglas Adacia aka Adacia Douglas is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court.  Prior to filing any new lawsuit, Plaintiff must file a "Motion Pursuant to Court Order Seeking Leave to File" and must attach any document he proposes to file and a copy of this Order.  Any such Motion should be filed in a miscellaneous case.  As an exhibit to any Motion Pursuant to Court Order Seeking Leave to File, Plaintiff must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that: (1) the document raises a new issue which has never been previously raised by him in this or any other court; (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.  By means of a second exhibit, Plaintiff must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.  As a third exhibit to the Motion Pursuant to Court Order Seeking Leave to File, he must provide a copy of each Complaint identified and listed in accordance with section 3 above and a certified record of its disposition.

The Court may deny any such motion if the proposed complaint or document is frivolous, vexatious or harassing.  If the Motion is denied, the document shall not be filed.  Further, Plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any such motion and may be considered an act of contempt for which he may be punished accordingly.

Further, the Clerk's Office is ordered to return, unfiled, any document submitted by Plaintiff prior to him obtaining leave to file unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File."  The Clerk's Office shall not accept any filing fees, cover sheets, *in forma pauperis* applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Plaintiff files, unless and until

leave is granted.  If Plaintiff files a case in state court or in another federal Court and that case is subsequently removed or transferred to this Court, Plaintiff shall, within ten days of the removal or transfer, file a motion that complies with this Order.  Failure to do so will result in immediate dismissal of the action without further notice.

Finally, Plaintiff is enjoined from filing any additional documents in this case, including any post-judgment motions.

## CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is **GRANTED**.  This action is **DISMISSED** pursuant to 28 U.S.C. §1915(e).  Furthermore, Plaintiff is permanently **ENJOINED** from filing any new actions without first seeking and obtaining leave of court as set forth in this Memorandum of Opinion and Order.  Plaintiff is also **ENJOINED** from filing any additional documents in this case.  The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Dated: August 8, 2025**

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**